FILED
SUPERIOR COURT
OF GUAM

2019 JUN -3 PM 3: 41

CLERK OF COURT

By:

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM | **CRIMINAL CASE NO.: CF0712-18** |
| vs. | **DECISION AND ORDER** |
| EMILY FLORIPES BABAUTA, et al. | 1. Defendant Babauta's Motion to Sever |
| **DEFENDANTS.** | 2. Defendant Babauta's Motion to Compel |

### INTRODUCTION

This matter came before the Honorable Anita A. Sukola on Emily Floripes Babauta's ("Babauta") Motions to Sever and Compel Discovery. Attorney Gloria Lujan Rudolph represents Babauta. Assistant Attorney General Matthew Phelps represents the People of Guam ("People"). The Court held a Motion Hearing on these issues on May 30, 2019. Upon review of the written and oral arguments, and legal authorities presented by the Parties, and for the reasons set out herein, the Court issues this decision and order **GRANTING** Babauta's Motion for Severance and finding her Motion to Compel to be **MOOT**.

### BACKGROUND

On or about November 3, 2018, a complaint was filed with the Guam Police Department ("GPD") on behalf of Weerawat Tananusont ("Tananusont") indicating his house had been burglarized. Phelps Declaration. (Nov. 28, 2018). Tananusont reported several items missing from his residence and later discovered that multiple transactions

CF0712-18, People v. Aguon, et al.
Decision and Order (Motion to Sever; Motion to Compel)

Page 1 of 5



were made on his missing Fidelity Visa card to the amount of $2,168.00. Id. Upon investigating the burglary, GPD officers identified Babauta as a suspect and obtained a search warrant for her last known residence, which was executed on November 27, 2018. Id. The following is a description of the evidence gathered against the various defendants and the charges they are facing:

a. Manuel Edward Duenas Aguon.

Aguon was found within reach of a heat-modified glass pipe stained with suspected methamphetamine. Id. A pouch around Aguon's person yielded the discovery of approximately two grams of suspected methamphetamine and several grams of suspected marijuana. Id. Aguon is charged with POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE WITH INTENT TO DELIVER (As a First Degree Felony) and POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a Third Degree Felony). Superseding Indictment (Feb. 1, 2019).

b. Emily Floripes Babauta.

While searching the residence, GPD officers discovered a purse containing Babauta's firearms ID card. Phelps Declaration. The purse, discovered in the room Babauta identified as her bedroom, also contained syringes and a bag containing suspected methamphetamine. Id. The purse also contained a Fidelity Visa card with Tananusont's name on it and a receipt of a purchase made at an establishment identified by Tananusont as a place where his card had fraudulently been used. Id. Babauta is charged with THEFT BY RECEIVING (As a Second Degree Felony), POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a Third Degree Felony), FRAUDULENT USE OF A CREDIT CARD (As a Third Degree Felony), and CONSPIRACY TO FRAUDULENT USE OF A CREDIT CARD (As a Third Degree Felony). Superseding Indictment.

c. Kala Joe Taitague.

Upon searching the residence, GPD officers were informed that one of the rooms was shared by Kala Joe Taitague ("Taitague") and Jesse Babauta Underwood

("Underwood"). In this room GPD officers discovered Taitague, Babauta, a pouch containing a digital scale, hand rolled cigarettes containing suspected marijuana, multiple resealable baggies, approximately 5.6 grams of crystalline substance suspected to be methamphetamine, a glass bottle containing an unidentified liquid, and numerous syringes. Phelps Declaration. Taitague is charged with POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a Third Degree Felony). Superseding Indictment. Taitague has since passed away and her charges were dismissed with prejudice on April 24, 2019. Order of Dismissal (Apr. 24, 2019).

d. Jesse Babauta Underwood.

While searching the room identified as the bedroom of Underwood and Taitague, the officers discovered a pouch containing a digital scale, hand rolled cigarettes containing suspected marijuana, multiple resealable baggies, approximately 5.6 grams of crystalline substance suspected to be methamphetamine, a glass bottle containing an unidentified liquid, and numerous syringes. Phelps Declaration. Babauta informed the officers that Underwood has been taking over Taitague's drug dealing operation due to Taitague's declining health. Id. Underwood is charged with POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE WITH INTENT TO DELIVER (As a First Degree Felony) and POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a Third Degree Felony). Superseding Indictment.

e. Edward Jinyuc Chong.

One of the allegedly fraudulent transactions involving Tananusont's Fidelity Visa card occurred at Gangnam Korean Restaurant. Id. The owner of the restaurant identified Babauta and said she was accompanied by Edward Jinyuc Chong ("Chong") when she visited the restaurant. Phelps Declaration. Upon his arrest for credit card fraud, Chong was found with methamphetamines on his person. Chong Mot. to Sever (Mar. 27, 2019). Chong is charged with POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a Third Degree Felony), FRAUDULENT USE OF A CREDIT CARD (As a Third Degree

Felony), and CONSPIRACY TO FRAUDULENT USE OF A CREDIT CARD (As a Third Degree Felony). Superseding Indictment.

On April 15, 2019, Babauta filed a Motion to Sever. The People did not file either an opposition or notice of non-opposition to Babauta's Motion to Sever. Also on April 15, 2019, Babauta filed a Motion to Compel Discovery. The People filed an Opposition to the Motion to Compel on April 24, 2019.

## DISCUSSION

### a. Motion to Sever

Babauta moves the Court for an order severing her trial from the trial of her co-defendants. Mot. to Sever at 1 (Apr. 15, 2019). Babauta argues that severance is proper because certain charges against her co-defendants are completely unrelated to her own charges. Id. at 3. Additionally, Babauta seeks severance of charges in her own case, as her theft charges and drug charges do not share any factual bases and she would be prejudiced by a trial on all charges due to a jury conflating the separate crimes. Id.

Guam law provides that two or more defendants may be charged in the same indictment if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. 8 G.C.A. § 55.35(b). Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged on each count. Id. Guam law further provides that if it appears that a defendant is prejudiced by joint trial with other defendants, the court may order a separate trial of defendants, of counts in the charging instrument, or provide whatever relief justice requires. 8 G.C.A. § 65.35.

Although there is evidence that will overlap between the theft charges and the drug charges by virtue of the evidence being found in the same location and during the same search, the Court does not find that they were part of the same act or transaction, nor did they necessarily constitute part of a common scheme or plan. Accordingly, the Court finds it proper to sever Babauta's drug charge from her other three charges which relate to theft

of a credit card. Further, certain co-defendants are charged with possession of methamphetamine based on facts that do not relate to Babauta's charges. Based on the argumentss presented by Babauta, and in light of the People's failure to file an opposition, the Court will sever Babauta from her co-defendants and also sever her second charge from her remaining charges.

b. **Motion to Compel**

On April 15, 2019, Babauta filed a Motion to Compel Discovery, seeking information regarding personnel files of any government employees expected to testify at trial. Mot. to Compel at 2 (Apr. 15, 2019). During the Motion Hearing held on May 30, 2019, counsel for Babauta informed the Court that the granting of her Motion to Sever would render her Motion to Compel moot, as the officers she sought to impeach would be testifying primarily as to statements which were incriminating to co-defendants, who will no longer be tried along with Babauta.

# CONCLUSION

Based on the forgoing reasons, the Court **GRANTS** Babauta's Motion to Sever her trial from the trial of his co-defendants and to sever her charge of POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a Third Degree Felony) from her remaining charges. The Court further finds that Babauta's Motion to Compel is hereby **MOOT**.

A Further Proceedings in this matter is set for 6\17\19 at 9:00am

**SO ORDERED** this ___6/3/19___.

I acknowledge that a copy of the original has been placed in the court box of _____
G-LiiAN/A-G
JUN - 3 2019 Time: 3:45 pm
Date: _____
Deputy Clerk, Superior Court of Guam

_____
The Honorable Anita A. Sukola
Judge, Superior Court of Guam

CF0712-18, People v. Aguon, et al.                    Page 5 of 5
Decision and Order (Motion to Sever; Motion to Compel)